**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ALLSTATE INSURANCE COMPANY                                         PLAINTIFF

V.                                                                              NO.  4:08CV108-P-S

HEWLETT-PACKARD COMPANY                                          DEFENDANT

**AGREED PROTECTIVE ORDER**

This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of all parties to this case.  This Order shall govern the use, dissemination, and disclosure of the documents and things in this litigation.  The Court will decide at a later date how the parties may use at trial or any hearing the documents and materials subject to this Order.

**THEREFORE**, for good cause, the parties having agreed to the provisions of this Agreed Protective Order, it is **ORDERED AS FOLLOWS**:

This Order shall govern all documents and things, depositions (including transcripts and records of depositions), deposition exhibits, documents produced in response to subpoenas, interrogatory answers, responses to requests for admissions, exhibits filed with the Court or used in any proceeding in this case, recorded statements, and other written, recorded, or graphic materials produced in the course of this litigation by any party or non-party.  These materials are collectively referred to as "Produced Materials".

1. Except with the prior written consent of the producing or designating person or entity, any Produced Materials designated as "Confidential" shall not be disclosed or used for any purpose except as set forth in ¶ 2, below.  A designation of "Confidential" shall be made by stamping "Confidential" on each page of the Produced Materials to be treated as "Confidential" material, or, with respect to designation by a non-producing party, by written or electronic communication to

counsel for all parties within 10 days of disclosure of the Produced Materials. The "Confidential" designation shall apply to the Produced Materials so stamped and to each and every copy, compilation, abstract, summary, digest, and by-product created by any recipient of the designated Produced Materials, all of which shall be treated and referenced as "Confidential" Produced Materials under the terms of this Order. The party identifying Produced Materials as "Confidential" shall be referred to as the "Designating Party" for purposes of this Order.

    2. All "Confidential" Produced Materials shall be used solely for purposes of this litigation and shall not be used or disclosed for any other purpose. Under no circumstances, other than those specifically provided for in this or subsequent Court Orders or with the explicit consent in writing of the producing or designating person or entity, shall "Confidential" Produced Materials or the contents of such Produced Materials in any way whatsoever be revealed, disseminated, disclosed, shown, or otherwise made known to persons or entities other than the following: (i) individual parties and employees of the parties to this case, including in-house counsel, but only to the extent reasonably necessary for that party to prosecute or defend this case; (ii) counsel of record for the parties in this case; (iii) legal staff, clerical, and other assistants employed by counsel of record; (iv) persons retained with respect to this litigation by counsel for any named party as consulting experts and/or expert witnesses; (v) the Court, its support personnel, and court reporters; (vi) fact witnesses and potential fact witnesses, provided that the party desiring to give these witnesses access to "Confidential" Produced Materials shall, before giving any such access, (a) provide in writing to the Designating Party the identity of any such witness and the documents to be disclosed to that witness, and (b) obtain written permission from the Designating Party to make the disclosure as requested; and (vii) other persons, as agreed in advance of disclosure in writing or on the record by all parties,

to whom counsel seeking agreement in good faith believes it is necessary to disclose such "Confidential" Produced Materials to prepare a party's case-in-chief or defense to claims or to prepare for trial or any hearing.

3. Each person given access to "Confidential" Produced Materials pursuant to this Order shall be advised by counsel for the party giving such access that the Produced Materials are being disclosed pursuant and subject to the terms of this Order. In addition, prior to disclosure of any "Confidential" Produced Materials to any person permitted under ¶ 2(iv), (vi) and (vii), above, counsel for the party giving such access shall provide a photocopy of this Order to the person and shall require such person to sign a copy of the Protective Order Confidentiality Agreement attached as Exhibit A, making that person subject to this Order. The original of the signed Protective Order Confidentiality Agreement must be retained by counsel for the party making disclosure to any such person and that counsel shall produce that original for inspection and copying within a reasonable time after receiving a demand from counsel for any other party or any producing or designating person or entity.

4. In the event that counsel for any party files with the Court any "Confidential" Produced Materials, such Produced Materials and all papers containing or making reference to such Produced Materials shall be filed in a sealed envelope that shall be labeled in bold face type at least 14 point in size as follows:

> ***Allstate Insurance Company v. Hewlett-Packard Company*, No. 4:08CV108-P-S (N.D. Miss.)**
> **These materials are subject to Protective Order entered February 6, 2009. This envelope contains confidential documents filed in this case by [name of party] and is not to be opened, and the contents are not to be**

> **displayed, copied, revealed, or disseminated, except by Order of this Court.**

5. At depositions or hearings in this case, a party, witness, or other person or entity possessing standing may designate documents or other materials produced or used at that deposition in conformity with the terms of this Order. A party, witness, person or entity possessing standing may also designate portions of the testimony or affidavits to be treated as "Confidential" contemporaneous with the giving of the testimony. The cognate portions of the record and the documents or materials produced shall be marked "Confidential" in accordance with the terms of this Order and shall be treated in the same manner as other "Confidential" Produced Materials.

6. During a deposition, a witness may be shown "Confidential" Produced Materials and questioned about those Produced Materials if the witness authored, reviewed, or received such Produced Materials or had knowledge of the specific contents of such Produced Materials before the deposition. The fact that this such disclosure occurs at a deposition shall not alter the status of the Produced Materials as "Confidential" under this Order nor operate in any other way as a waiver or estoppel against any party, witness, or third party.

7. Any party may also designate information disclosed at such deposition as confidential by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as confidential thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript, and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as confidential for a period of thirty (30) days after the receipt of the transcript. To the extent possible,

the court reporter shall segregate into separate transcripts information designated as confidential with blank, consecutively numbered pages being provided in a non-designated main transcript.

8. A party, person, or entity may designate Produced Materials as "Confidential" only when that party, person, or entity has a good faith belief that such designation is reasonably necessary to protect the interests implicated by disclosure without such designation. In addition, the party, person, or entity may designate only those portions of such Produced Materials that the party, person, or entity in good faith believes necessary to protect those interests, and shall avoid blanket designations and designations of parts of the Produced Materials not related to parts the party, person, or entity seeks to protect from disclosure.

9. If any party disagrees with the designation of Produced Materials as "Confidential", counsel shall attempt to resolve the disagreement without the Court's intervention. If, after good faith consultation, counsel are unable to resolve the disagreement, any party may present the dispute to the Court for resolution by motion. Pending the Court's resolution of the motion, the Produced Materials at issue shall continue to be treated as "Confidential", as designated pursuant to this Order.

10. Nothing in this Order shall prevent any party or other person or entity subject to this Order from seeking modification of or relief from this Order or from objecting to discovery or any other matter that it believes to be improper or as to which it believes this Order provides insufficient protection. The use of the term "Confidential" by virtue of documents being designated as such pursuant to this Order shall not raise any inference as to the confidentiality or legal status of such Produced Materials or constitute a finding or admission that such Produced Materials are, in fact, confidential or proprietary in nature or otherwise entitled to protection from disclosure. Nothing in this Order or the parties' agreement to it shall be deemed or construed as an adjudication or waiver

of any objection or contention.  In addition, disclosure of Produced Materials pursuant to discovery or the procedures set forth in this Order does not constitute a waiver of any trade secret, intellectual property, proprietary right, or other right or claim to, in, or with respect to any Produced Materials.

11. The inadvertent failure to designate Produced Materials as "Confidential" shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as "Confidential", provided that the producing party takes steps to designate such Produced Materials within a reasonable time of learning of the inadvertent disclosure.  Before such later designation occurs, the disclosure in good faith by any party or by any person or entities bound by this Order of such inadvertently disclosed Produced Materials shall not constitute a violation of this Order.

12. Within thirty (30) days after the conclusion of this litigation, whether by settlement or the entry of a final, non-appealable judgment by the appropriate Court, including any appellate court, all "Confidential" Produced Materials pursuant to this Order shall be returned to the person or entity that produced them or, in the alternative, destroyed; except that counsel for each party may retain one complete set of documents filed with the Court in this action and all counsel shall be permitted to retain copies of "Confidential" material to the extent such Produced Materials are part of counsel's work product.  If any party chooses to destroy rather than return "Confidential" Produced Materials, counsel for that party must state in writing that the destruction was completed under the supervision of that counsel.  In discharging this duty, counsel shall be responsible for the return or destruction of all "Confidential" Produced Materials provided by counsel to other persons or entities pursuant to ¶ 3 of this Order.

13. After the termination of this litigation by entry of final judgment in this case or by any settlement, discontinuance, dismissal, adjudication, or other disposition of this action, this Order shall continue to be binding upon the parties and upon all persons who have signed the Protective Order Confidentiality Agreement.

14. Disclosure of any document or information covered by this Order pursuant to a subpoena or administrative order to anyone other than the persons identified in ¶ 2, above, shall be made only after the recipient of the subpoena gives to the person or entity that produced or designated the Produced Material as "Confidential" written notice of the intent to disclose and after the Designating Party has an opportunity within ten (10) business days after receipt of such notice to seek additional protection from the Court; provided, however, that if the return date of any such subpoena or administrative order is less than ten (10) business days from the date that subpoena or administrative order was received, written notice of the intent to disclose shall be given by the recipient of the subpoena to the Designating Party by facsimile and telephone to its counsel within 48 hours after receipt. If the Designating Party moves for additional protection from the Court, the "Confidential" Produced Material or other document, thing or testimony shall not be disclosed until after this Court or another court of competent jurisdiction rules on the request for additional protection.

15. This Court retains jurisdiction for the purposes of adjudicating any matter arising under this Order of the parties. Also for the purpose of adjudicating any matter arising under this Order, this Court retains jurisdiction over any non-parties who have agreed to be bound by the terms of the Protective Order Confidentiality Agreement. This jurisdiction shall survive entry of final judgment in this case and any settlement, discontinuance, dismissal, adjudication, or other

disposition of this action, but shall not affect the finality of any order or judgment that otherwise would be final or appealable if this specified jurisdiction did not continue in effect.

16. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by a bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner, and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

17. Nothing in this Order shall be construed as a waiver of any objection which might be raised under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

18. Nothing in this Order shall be construed as an acknowledgment that any documents produced are "Confidential" under this terms of this Order. All parties reserve all objections to any such designation.

SO ORDERED, this the 6th day of February, 2009.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE

**AGREED AND STIPULATED TO:**

/s/ Karen D. Fultz
Karen D. Fultz
ATTORNEY FOR PLAINTIFF

/s/ J. Cal Mayo, Jr.
J. Cal Mayo, Jr.
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ALLSTATE INSURANCE COMPANY                                                                 PLAINTIFF

V.                                                                                                        NO. 4:08CV108-P-S

HEWLETT-PACKARD COMPANY                                                                 DEFENDANT

**PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT**

I acknowledge that I have been provided with a photocopy of the Agreed Protective Order entered by the Court in this case; that I have read and understand that Agreed Protective Order; and that I have had opportunity to consult with counsel of my choice about my obligations under that Order. I agree to be bound by all terms and conditions of that Order. I also understand that any violation of the Order by me or my agents may subject me to penalties for contempt of Court.

I agree to not make use of any information or material obtained pursuant to the Order other than for purposes of this litigation. I also agree to return to counsel of record, not later than 30 days after a demand for their return, any and all Produced Materials, as that term is defined in the Order, designated as "Confidential" pursuant to that Order and any and all copies of such Produced Materials and any and all materials derived from such Produced Materials.

Name: _____

Company: _____

_____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

E-Mail: _____

IN AGREEMENT TO THE TERMS OF THIS PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT, THIS _____ DAY OF _____, 200__.

_____
Signature

SIGNATURE OF COUNSEL OF RECORD BY WHOM DISCLOSURE OF PROTECTED MATERIALS WAS MADE TO THE ABOVE PARTY.

_____
Signature

_____
Print Name